Date signed June 05, 2009



IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
at GREENBELT

| | | |
|---|---|---|
| In Re: | * | |
| Daniel Antonio Villanueva, | * | Case No.   08-20646 |
| | * | Chapter   13 |
| Debtor | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OF DECISION DENYING MOTION
TO STAY PENDING APPEAL**

Before the Court is the Motion to Stay Pending Appeal (the "Motion") (Docket No. 112) filed by the Debtor Daniel A. Villanueva (the "Debtor"). The Debtor seeks a stay of the Court's order dismissing this Chapter 13 case. The Debtor did not file a memorandum with the Motion, contrary to Local Bankruptcy Rule 9013-2, or state any basis for a stay in the Motion, which ordinarily would be sufficient grounds for denying the Motion outright. However, because the Debtor is *pro se* and has requested that this Court appoint *pro bono* counsel, the Court will address the merits of the Motion under the well-established standards for resolving such a request, rather than summarily denying it

for failure to assert any basis for relief.  For the reasons stated herein, the Court will deny the Motion.

**FACTS**

  A.  The Debtor's First Case (Case No. 07-17458).

  The Debtor filed a Chapter 13 case on August 9, 2007, initiating Case No. 07-17458; the case was converted to Chapter 7 by order dated December 27, 2007 (the "Chapter 7 Case").  Cheryl Rose was appointed the Chapter 7 trustee (the "Chapter 7 Trustee").  The Debtor was granted a discharge in the Chapter 7 Case by order dated March 31, 2008.  The Chapter 7 Case remains open with several pending matters.

  B.  The Debtor's Second Case (Case No. 08-14769).

  The Debtor filed a second bankruptcy case under Chapter 13 on April 4, 2008, Case No. 08-14769.  The case was dismissed on May 22, 2008 due to the Debtor's failure to file a chapter 13 plan, a statement of current monthly income, any of the required Schedules, and the Statement of Financial Affairs.  *See* Docket No. 23 in Case No 08-14769.  At the time the case was dismissed, there was pending a motion to dismiss the case filed by the Chapter 13 trustee, based on the Debtor's failure to attend the Section 341 meeting of creditors.

  C.  The Present Chapter 13 Case (Case No. 08-20646).

  The Debtor filed this Chapter 13 case on August 20, 2008.  On August 22, 2008, the Court issued an order to show cause why the case should not be dismissed because the Debtor was the subject of a Chapter 7 case, Case No. 07-17458 (the "Chapter 7 Case" as further described below).  At the time the case was filed, the Debtor was represented *pro bono* by John Burns.  The Debtor, through Mr. Burns, filed a response to the show

cause order on September 9, 2008, stating that there is "no material intersection" between the Chapter 7 Case and this case. No other party objected to the filing at that time. The Court dissolved the show cause order, allowing this case to proceed.

The Debtor filed his Chapter 13 plan on September 11, 2008. The plan provides for monthly plan payments to the Chapter 13 trustee of $2,349. *See* Docket No. 24 at p. 1. According to the Debtor's schedules, the Debtor's monthly income is $11,500 and his monthly expenses are $15,259, leaving a monthly shortfall of $3,759. *See* Docket No. 17 at pp. 16-17. Thus, the Debtor's ability to make his plan payments is seriously in doubt.

On October 13, 2008, the Debtor filed a complaint against Washington Mutual Bank ("WAMU"), initiating Adversary Proceeding No. 08-749. The central relief sought in the complaint is a determination that WAMU does not hold a lien against real property owned by the Debtor because WAMU allegedly failed to properly record its deed of trust. The complaint also asserts counts alleging WAMU violated the discharge injunction and the automatic stay. WAMU filed a motion to dismiss the complaint, which was heard on January 14, 2009, and resolved by a bench ruling on January 15, 2009. The Court dismissed the counts asserting WAMU violated the discharge injunction and the automatic stay and allowed the count seeking a determination of WAMU's lien rights against the real property to go forward.

On November 13, 2008, WAMU filed a motion to dismiss the bankruptcy case. The Debtor opposed the motion and a hearing was set for February 3, 2009. By agreement of the parties, the motion to dismiss was continued to May 12, 2009. At that hearing, the Chapter 13 trustee informed the Court that no payments had been made on

3

the Debtor's chapter 13 plan since January 2009. The Court granted the motion and dismissed the case for reasons stated at the hearing.

The Debtor filed a notice of appeal of the dismissal order and the Motion. Although the certificate of service for the Motion states it was served on a number of parties, the certificate does not reflect that it was served on the Chapter 13 Trustee, WAMU or WAMU's counsel.

## CONCLUSIONS OF LAW

It is well established that a party must seek a stay pending appeal from the Bankruptcy Court prior to requesting stay protection from the District Court. Fed. R. Bankr. P. 8005 provides, in relevant part:

> Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

Fed. R. Bankr. P. 8005.

In order to obtain a stay pending appeal, the movant must satisfy the four well-established factors for seeking a stay, namely: (1) that the moving party will likely prevail on the merits of the appeal, (2) that the moving party will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay. *In re Shenandoah Realty Partners, L.P.*, 248 B.R. 505, 510 (W.D. Va. 2000), *quoting Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). The party seeking a stay pending appeal bears the burden of showing each factor. *Id.* The Court concludes that the Debtor cannot establish any of the factors required for imposition of a stay pending his appeal.

The Debtor cannot establish any likelihood of success on appeal that this case should not have been dismissed. Under §1307(c) of the Bankruptcy Code, the Court may dismiss a case for cause. Section 1307(c) provides various examples of cause – including unreasonable delay by the debtor that is prejudicial to creditors, failure to commence making plan payments and failure to make plan payments under a plan – but the list in §1307(c) is not meant to be exhaustive. In this case, substantial cause exists to dismiss the case for numerous reasons.

At the time of the hearing on the motion to dismiss, the Debtor was four months delinquent on his plan payments. *See* 11 U.S.C. §1326(a) (requiring a debtor to commence plan payments not later than thirty days after the commencement of the case). Further, the Debtor's Schedules I and J state that the Debtor's monthly expenses exceed his income by $3,759. Therefore, his plan is not feasible. *See* 11 U.S.C. §1325(a)(6) (requiring as a condition to confirmation that the debtor must be able to make all payments under the plan). These facts alone would warrant the dismissal of the case nine months after the petition date. In this case, however, a number of additional factors exist that make it even more apparent that the case should not proceed in Chapter 13. These factors lead the Court to conclude that there is no bankruptcy purpose for continuing this case and that the case seems to exist solely so that the Debtor can prosecute his action seeking to avoid WAMU's lien. The Court now turns to a discussion of these additional factors.

First, the automatic stay terminated in this case on September 19, 2008. Under §362(c)(3), the automatic stay terminates thirty days after the filing of a bankruptcy case if the debtor had a pending case dismissed within the preceding year, unless the Court,

after notice and hearing, extends the stay during that thirty day period.  In this case, the Debtor's second case (Case No. 08-14679) was dismissed within one year of the filing of the present case.  No motion to extend the stay was filed in this case and the Court did not extend the stay.  Accordingly, by the plain language of §362(c)(3), the stay terminated in this case thirty days after the petition date.  Thus, the Debtor is not receiving the benefit of the automatic stay and creditors may take any action available to them under nonbankruptcy law and their contract rights.

Second, the Debtor received a discharge in the Chapter 7 Case on March 31, 2008.  *See* Docket No. 215 in Case No. 07-17458.  That discharge had the effect of discharging all of the Debtor's debts that arose before December 27, 2007, the date of conversion of that case from Chapter 13 to Chapter 7.  *See* 11 U.S.C. §§348(b) and 727(b).  Thus, the Debtor obtained a discharge of all debts that existed eight months before he filed the present case, and he has realized a substantial benefit from the prior bankruptcy filing.

Third, assuming the Debtor incurred substantial debts between December 27, 2007 and August 20, 2008 that he cannot pay[1], the Debtor is not eligible for a discharge of such debts in this case in any event.  Because the Debtor received a discharge in the Chapter 7 Case on March 31, 2008, under the plain language of §1328(f) the Debtor is not eligible for a discharge in this case.  *See* 11 U.S.C.. §1328(f).  While this factor alone is not sufficient to establish cause for dismissal, *see In re Bateman*, 515 F.3d 272 (4th Cir.

---

[1] The Court has not undertaken an analysis to determine whether the Debtor has substantial claims against him that were not included in the Chapter 7 Case.

2008),[2] it is certainly a factor the Court can consider in determining whether cause exists under §1307(c). Considering that the Debtor is not making plan payments, his plan is not feasible, he recently received a discharge in the Chapter 7 Case, and the automatic stay is no longer in effect, the fact that the Debtor will not receive a discharge is an additional, substantial factor in the Court's decision to dismiss this case for cause.

Finally, despite the Debtor's contention in response to the Court's order to show cause that there is no material intersection between this case and the Chapter 7 Case (*see, supra*, at pp. 2-3), it appears that there is, in fact, substantial overlap between the two estates. The real property that is the subject of the adversary proceeding with WAMU was owned by the Debtor at the time he filed the Chapter 7 Case. Therefore, it is property of the estate in that case and subject to administration by the Chapter 7 Trustee.

In its memorandum in support of the motion to dismiss, WAMU argued that the Debtor's filing of this case while the Chapter 7 Case was pending is grounds for dismissal of this case because it establishes this case was filed in bad faith. *See, e.g., In re Brown*, 399 B.R. 162 (Bankr.W.D.Va. 2009). The Court initially was willing to allow this case to proceed, notwithstanding the Chapter 7 Case, because there was no objection by creditors and taking into account the Debtor's contention that there was no material overlap between the Chapter 7 Case and this case. But neither rationale exists any longer. WAMU filed its motion to dismiss the case, and the material intersection between this case and the Chapter 7 Case is now clear. Accordingly, for all the foregoing

---

[2] In *Bateman*, the Fourth Circuit held that the fact that a debtor is not eligible for a discharge under §1328(f) does not render the debtor ineligible for bankruptcy relief or constitute bad faith *per se*, but the unavailability of a discharge is a factor the Court should consider in determining whether the petition was filed in bad faith. *Bateman*, 515 F.2d at 283. In this case, the Court need not determine whether the petition was filed in bad faith because the motion to dismiss, heard nine months into the case, is resolved under §1307. For the reasons stated in *Bateman*, however, the unavailability of a discharge is a proper factor to consider in determining whether cause exists to dismiss a case under §1307(c).

reasons, the Court concludes that the Debtor did not (and cannot) establish a substantial likelihood of prevailing on the merits in his appeal of the Court's dismissal of this case.

The Court further concludes that the Debtor cannot establish the second prong for obtaining a stay pending appeal, namely that he will suffer irreparable harm.  As stated above, considering that the Debtor recently obtained a discharge of his debts, as well as the unavailability of a discharge and the absence of the automatic stay in this case, it appears that the sole reason for this case to remain open is to allow the Debtor to prosecute the adversary proceeding seeking a determination that WAMU has no lien rights against the property.  But because the property that is the subject of that action is property of the estate in the Chapter 7 Case, it is for the Chapter 7 Trustee, not the Debtor, to determine whether to pursue such a claim (or defend it if the action is brought by WAMU).  Further if the Chapter 7 Trustee abandons the property to the Debtor, the Debtor does not need this bankruptcy case to pursue or defend the claim. Moreover, since the automatic stay is not in effect and the Debtor will not receive a discharge, the dismissal of this case does not result in the Debtor losing the primary benefits a bankruptcy case ordinarily provides.

The Court further concludes that the Debtor cannot establish the third prong for obtaining a stay pending appeal, namely that other parties will not be substantially harmed by the stay. With respect to WAMU, at least, it has the right to have a court resolve its claim to an equitable lien in the property.  A stay pending the appeal will result in continued delay and uncertainty concerning WAMU's rights to enforce its deed of trust.

The Court also concludes that the public interest will be served by denying the stay request. Even if the existence of the Chapter 7 Case were not separate grounds for dismissal, the public interest is not served by having the Debtor be the subject of two separate bankruptcy proceedings in which the same asset is at issue. Nor is the public interest served by having a bankruptcy case go forward with no automatic stay, no plan payments being made, no prospect for a plan to be confirmed, and no potential for a discharge.

Finally, the Court turns to the Debtor's request that the Court appoint *pro bono* counsel. The Debtor is now appearing *pro se* in this case and the Chapter 7 Case, since his former *pro bono* counsel withdrew as a result of issues that arose between them. By the Debtor's own admission, however, he has received substantial assistance in preparing and filing his briefs from Victor Sparrow, who has been described to the Court as a disbarred attorney. The Court has a serious question whether Mr. Sparrow's efforts have helped or hindered the Debtor. *See, e.g.* Motion for Status Conference Respective to Debtor's Agency and Advisement by Victor Sparrow as a Precondition to Continuing Representation of Debtor by Counsel (Docket No. 50). Indeed, according to the Chapter 13 Trustee's perception of the case, as stated at the hearing on the motion to dismiss, one of the reasons that Debtor's former *pro bono* counsel withdrew is because of Mr. Sparrow's intrusive involvement in the cases.

In any event, in the Chapter 7 Case, the Debtor, with Mr. Sparrow's assistance, has filed a number of motions and requests seeking the appointment of *pro bono* counsel.[3] The Court has not yet resolved those requests. The docket in this case does not

---

[3] In the Chapter 7 Case, the Court has before it a dispute concerning the representation arrangement between the Debtor and his former *pro bono* counsel.

9

reflect that the Debtor has filed such a request in this case, but the Debtor made the request at the hearing on the motion to dismiss.

The Court will not grant the Debtor's request in this case.  First, it is well established that there is no right to the appointment of counsel in a civil matter. *See, e.g. Bowman v White*, 388 F.2d 756,761 (4th Cir. 1968), *cert. denied*, 393 U.S. 891 (1968) (appointment of counsel in a civil matter is a privilege, not a right).  Second, the dismissal of this case is so patently warranted on the facts that the Court cannot conclude that the involvement of *pro bono* counsel would have any effect on the outcome.

## CONCLUSION

For the foregoing reasons, the Court will enter an order denying the Motion.

**Copies to:**

Daniel Antonio Villanueva
8412 20th Avenue
Hyattsville, MD 20783

Washington Mutual Bank
400 East Main Street
Stockton, CA 95290

Barton J. Sidle, Esq.
9515 Deereco Road
Suite 902
Timonium, MD 21093

Jeffrey Marks, Esq.
2101 Parks Avenue, Suite 700
Virginia Beach, VA 23451

Timothy Branigan
Chapter 13 Trustee
P.O. Box 1902
Laurel, MD 20725-1902

**END OF MEMORANDUM**